UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

BRUCE LACLAIR,

    Plaintiff,

v.

CITY OF FT. LAUDERDALE and VICTOR
RAMIREZ, individually,

    Defendants.
_____/

## COMPLAINT

PLAINTIFF BRUCE LACLAIR, by and through his undersigned counsel, files this Complaint and sues the CITY OF FT. LAUDERDALE (hereinafter "DEFENDANT FT. LAUDERDALE") and VICTOR RAMIREZ (hereinafter "DEFENDANT RAMIREZ"), an individual, and states:

1) This is an action for damages arising out of violations of federal law and state torts detailed below in an amount greater than $15,000.00.

2) This action is brought pursuant to 42 U.S.C. § 1983, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343 and 1367, 42 U.S.C. § 1988 and the constitutional provision mentioned above.

3) The acts and practices constituting the violations alleged below have occurred within the jurisdiction of the United States District Court, in and for the Southern District of Florida. In connection with the acts, practices and violations alleged below, DEFENDANT RAMIREZ either directly or indirectly violated PLAINTIFF BRUCE LACLAIR's constitutional rights.

4) At all times material hereto, DEFENDANT FT. LAUDERDALE was a Florida municipal corporation, with principal office and place of business in FT. LAUDERDALE, Broward County, Florida and was *sui juris*.

5) At all times material hereto, DEFENDANT RAMIREZ was an employee, law enforcement officer and agent of DEFENDANT FT. LAUDERDALE.

6) At all times material hereto, DEFENDANT RAMIREZ was acting under color of state law, over 18 years of age and *sui juris*.

7) At all times material hereto, PLAINTIFF BRUCE LACLAIR was over 18 years of age and was *sui juris*.

8) PLAINTIFF LACLAIR also agreed to pay the undersigned a reasonable fee for his services.

9) All conditions precedent to the filing of this lawsuit have been fulfilled pursuant to Florida Statutes §768.28(6)(a) - (d).

10) PLAINTIFF LACLAIR presented his claims in writing to DEFENDANT FT. LAUDERDALE by means of a letter of demand for damages within three (3) years of the accrual of the cause of action.

11) DEFENDANT FT. LAUDERDALE never made final disposition of PLAINTIFF LACLAIR's written claims within six (6) months of their presentation.

## FACTS

12) On or about February 22, 2015, PLAINTIFF BRUCE LACLAIR was detained and then arrested and charged with Trespass After Warning in a Structure, in violation of § 810.08 (1), Florida Statutes, by DEFENDANT RAMIREZ.

13) The crime of Trespass After Warning in a Structure is a second degree misdemeanor punishable by up to 60 days in jail.

14) DEFENDANT RAMIREZ observed PLAINTIFF LACLAIR lying on a bench at the Broward County Transit Downtown Bus Terminal in Ft. Lauderdale.

15) DEFENDANT RAMIREZ directed PLAINTIFF LACLAIR to leave the Terminal.

16) PLAINTIFF LACLAIR stood up and began walking to exit the Terminal but had to walk at an extremely slow pace due to injuries to his feet.

17) Along the way PLAINTIFF LACLAIR questioned the actions of DEFENDANT RAMIREZ and requested DEFENDANT RAMIREZ allow him to utilize the toilet facilities.

18) DEFENDANT RAMIREZ responded including notifying PLAINTIFF LACLAIR that he could not use the toilet facilities and threw PLAINTIFF LACLAIR to the ground without cause nor justification. DEFENDANT RAMIREZ threw PLAINTIFF LACLAIR to the ground with severe, violent and unnecessary force.

19) The purpose of throwing PLAINTIFF to the ground was to cause physical harm to PLAINTIFF LACLAIR and was not to protect nor defend DEFENDANT RAMIREZ from any conduct by PLAINTIFF LACLAIR.

20) As PLAINTIFF LACLAIR began to stand up, PLAINTIFF LACLAIR and DEFENDANT RAMIREZ came in contact with each other. DEFENDANT RAMIREZ then

roundhouse slapped PLAINTIFF LACLAIR across his face with severe, violent and unnecessary force.

21) The purpose of the roundhouse slap was to cause physical harm to PLAINTIFF LACLAIR and was not to protect nor defend DEFENDANT RAMIREZ from any conduct by PLAINTIFF LACLAIR. The roundhouse slap carries more momentum than a straight slap as it resembles a rotating arm (with the shoulder joint as the center of rotation). This is significantly more force than the force generated in a straight slap.

22) At no time did PLAINTIFF LACLAIR pose a threat in any way to DEFENDANT RAMIREZ. Nor did PLAINTIFF LACLAIR make any offensive actions or gestures toward DEFENDANT RAMIREZ. Nor did he resist any of the actions of DEFENDANT RAMIREZ.

23) DEFENDANT RAMIREZ then arrested and handcuffed PLAINTIFF LACLAIR. PLAINTIFF LACLAIR was taken to the Broward County Jail where he remained until being released.

24) Throughout the time PLAINTIFF LACLAIR was in contact DEFENDANT RAMIREZ, DEFENDANT RAMIREZ used severe, violent, excessive and unnecessary force upon PLAINTIFF LACLAIR.

25) The criminal proceedings against PLAINTIFF BRUCE LACLAIR were completely terminated in his favor on or about July 2, 2015, by a dismissal of the case and charge by the State Attorney.

26) No probable cause existed for the detention or arrest of PLAINTIFF BRUCE LACLAIR for any offense. No reasonable suspicion, no founded suspicion, and no well-founded

articulable suspicion of criminal activity existed for the detention of PLAINTIFF BRUCE LACLAIR by DEFENDANT RAMIREZ.

27) No lawful representative of the owner of the structure and property of the Broward County Transit Downtown Bus Terminal where PLAINTIFF LACLAIR was from the time DEFENDANT RAMIREZ first observed PLAINTIFF LACLAIR on the bench gave a legal trespass warning to PLAINTIFF LACLAIR to exit the structure and property or he would be arrested. Nor had any lawful representative ever told PLAINTIFF LACLAIR that he was not allowed in the structure and on the property.

28) From the time PLAINTIFF LACLAIR stood up until the time of his arrest, PLAINTIFF LACLAIR was taking actions to exit the property.

29) No probable cause existed for the arrest of PLAINTIFF BRUCE LACLAIR for any offense.

## COUNT 1 - FALSE ARREST - DEFENDANT FT. LAUDERDALE

30) The averments of paragraphs 1 - 29 are repeated herein.

31) At all times, DEFENDANTS FT. LAUDERDALE and RAMIREZ knew or should have known that the charges made against PLAINTIFF BRUCE LACLAIR were false and that no probable cause existed for his arrest.

32) As a direct and proximate result of the false arrest and false imprisonment of PLAINTIFF BRUCE LACLAIR, he suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering and damaged reputation.

33) As a further direct and proximate result of his false arrest and false imprisonment, PLAINTIFF BRUCE LACLAIR suffered mental anguish, endured suffering and aggravation of his physical and mental condition and suffered a damaged reputation, loss of capacity for the enjoyment of life, humiliation personally, damage to reputation and loss of his freedom.

WHEREFORE, PLAINTIFF BRUCE LACLAIR prays:

a) Judgment for compensatory damages against DEFENDANT FT. LAUDERDALE;

b) Costs of suit;

c) Trial by jury as to all issues so triable; and

d) Such other relief as this Honorable Court may deem just and appropriate.

### COUNT 2 - 42 U.S.C. § 1983 VIOLATION OF CIVIL RIGHTS - FALSE ARREST - DEFENDANT RAMIREZ

34) The averments of paragraphs 1-29 are repeated herein.

35) This cause of action is brought by PLAINTIFF BRUCE LACLAIR against DEFENDANT RAMIREZ for deprivation of constitutional rights within the meaning of 42 U.S.C. § 1983.

36) At all times, DEFENDANTS FT. LAUDERDALE and RAMIREZ knew or should have known that the charges made against PLAINTIFF BRUCE LACLAIR were false and that no probable cause existed for his arrest.

37) While DEFENDANT RAMIREZ was acting under the authority of the State of Florida and under color of law as a police officer in the employ of DEFENDANT FT. LAUDERDALE, he subjected PLAINTIFF BRUCE LACLAIR to the deprivation of the rights and privileges secured to him by the Constitution of the United States including the constitutional right

not to be deprived of liberty and to be free from unlawful arrest under the United States Constitution, including the Fourth Amendment, within the meaning of 42 U.S.C. § 1983.

38) With regard to the violations of the constitutional rights of PLAINTIFF BRUCE LACLAIR as alleged in this count, the actions of DEFENDANT RAMIREZ were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress PLAINTIFF LACLAIR and were done with a reckless or callous indifference to BRUCE LACLAIR's federally protected rights.

39) As a direct and proximate result of the above-mentioned unconstitutional acts of DEFENDANT RAMIREZ, resulting in the false arrest of PLAINTIFF BRUCE LACLAIR, PLAINTIFF LACLAIR suffered grievously, was brought into public scandal with great humiliation, endured mental suffering and aggravation of his physical and mental condition and suffered a damaged reputation.

40) As a direct and proximate result of his false arrest, PLAINTIFF BRUCE LACLAIR further suffered mental anguish, loss of capacity for the enjoyment of life, humiliation personally, damage to reputation, and loss of his freedom and civil rights.

WHEREFORE, PLAINTIFF BRUCE LACLAIR prays:

a) Judgment against DEFENDANT RAMIREZ for compensatory and punitive damages;

b) Costs of suit;

c) Reasonable attorney's fees;

d) Trial by jury as to all issues so triable; and

e) Such other relief as its Honorable Court may deem just and appropriate.

### COUNT 3- 42 U.S.C. § 1983 VIOLATION OF FOURTH AMENDMENT CIVIL RIGHTS EXCESSIVE FORCE - DEFENDANT RAMIREZ

41) The averments of paragraphs 1-29 are repeated herein.

42) This cause of action is brought by the PLAINTIFF LACLAIR against DEFENDANT RAMIREZ for deprivation of constitutional rights within the meaning of 42 U.S.C. § 1983.

43) At all times, DEFENDANTS RAMIREZ commenced a course of conduct such that they intended to touch or make contact with PLAINTIFF LACLAIR's body, actually touched PLAINTIFF LACLAIR. The contact was harmful or offensive and occurred without PLAINTIFF LACLAIR's consent.

44) At all times, DEFENDANT RAMIREZ commenced a course of conduct such that their actions occurred with great force and excessive use of force causing PLAINTIFF LACLAIR severe bodily injury.

45) While DEFENDANT RAMIREZ was acting under the authority of the State of Florida and under color of law as a police officer in the employ of DEFENDANT FT. LAUDERDALE, he subjected the PLAINTIFF LACLAIR to the deprivation of the rights and privileges secured to him by the Constitution of the United States to be secure in his person against the use of excessive force under the Fourth Amendment within the meaning of 42 U.S.C. § 1983.

46) With regard to the violations of the constitutional rights of LACLAIR as alleged in this count, the actions of DEFENDANT RAMIREZ were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress PLAINTIFF LACLAIR and were done with a reckless or callous indifference to PLAINTIFF LACLAIR's federally protected rights entitling PLAINTIFF to an award of punitive damages against RAMIREZ in his individual capacity.

47) As a direct and proximate result of the above-mentioned unconstitutional acts of DEFENDANT RAMIREZ, PLAINTIFF LACLAIR suffered mental anguish, loss of capacity for the enjoyment of life, endured suffering and aggravation of his physical and mental condition, humiliation personally, and loss of his freedom and civil rights. He suffered grievously, was brought into public scandal with great humiliation, endured mental suffering and aggravation of his physical and mental condition and suffered a damaged reputation.

WHEREFORE, THE PLAINTIFF LACLAIR prays:

a) Judgment against DEFENDANT RAMIREZ for compensatory and punitive damages;

b) Costs of suit;

c) Reasonable attorney's fees;

d) Trial by jury as to all issues so triable; and

e) Such other relief as its Honorable Court may deem just and appropriate.

### COUNT 4 - BATTERY - DEFENDANT FT. LAUDERDALE

48) The averments of paragraphs 1 - 29 are repeated herein.

49) At all times, DEFENDANTS FT. LAUDERDALE and RAMIREZ commenced a course of conduct such that they intended to touch or make contact with PLAINTIFF LACLAIR's body, actually touched PLAINTIFF LACLAIR. The contact was harmful or offensive and occurred without PLAINTIFF LACLAIR's consent.

50) At all times, DEFENDANTS FT. LAUDERDALE and RAMIREZ commenced a course of conduct such that their actions occurred with great force and excessive use of force causing PLAINTIFF LACLAIR severe bodily injury.

51) As a direct and proximate result of the excessive use of force, PLAINTIFF LACLAIR suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering and damaged reputation.

52) As a further direct and proximate result of the said excessive use of force, PLAINTIFF LACLAIR suffered mental anguish, endured suffering and aggravation of his physical and mental condition and suffered a damaged reputation, loss of capacity for the enjoyment of life, humiliation personally, and damage to his reputation.

WHEREFORE, PLAINTIFF LACLAIR prays:

a) Judgment for compensatory damages against DEFENDANT FT. LAUDERDALE;

b) Costs of suit;

c) Trial by jury as to all issues so triable; and

d) Such other relief as this Honorable Court may deem just and appropriate.

### COUNT 5 - 42 U.S.C. § 1983 VIOLATION OF CIVIL RIGHTS CLAIM (FIRST AMENDMENT) BY PLAINTIFF LACLAIR AGAINST DEFENDANT RAMIREZ

53) The averments of paragraphs 1 - 29 are repeated herein.

54) DEFENDANT RAMIREZ proximately caused PLAINTIFF LACLAIR to suffer injuries from the use of severe, violent, unnecessary and excessive force upon him without cause nor justification.

55) DEFENDANT RAMIREZ's use of excessive force on PLAINTIFF was in retaliation for PLAINTIFF's protected speech under the First Amendment.

56) DEFENDANT RAMIREZ's arrest of PLAINTIFF was in retaliation for PLAINTIFF's protected speech under the First Amendment.

56) The use of the excessive force by DEFENDANT RAMIREZ occurred in the absence of any legal, valid or authorized ground to use excessive force, and would likely deter a person of ordinary firmness from the exercise of First Amendment rights.

57) The conduct of DEFENDANT RAMIREZ towards PLAINTIFF LACLAIR in detaining and arresting PLAINTIFF LACLAIR was in retaliation for PLAINTIFF LACLAIR's protected speech including when PLAINTIFF LAClAIR stated "F–k you" to DEFENDANT RAMIREZ during the time DEFENDANT RAMIREZ was escorting PLAINTIFF LACLAIR to exit the structure and property of the Broward County Transit Downtown Bus Terminal and occurred in the absence of probable cause that PLAINTIFF LACLAIR committed any criminal offense. *Davis v. Williams,* 451 F.3d 759, 767 (11th Cir. 2006).

58) The conduct of DEFENDANT RAMIREZ towards PLAINTIFF LACLAIR by the use of severe, violent, unnecessary and excessive force, was in retaliation for PLAINTIFF

LACLAIR's protected speech including when PLAINTIFF LAClAIR stated "F–k you" to DEFENDANT RAMIREZ during the time DEFENDANT RAMIREZ was escorting PLAINTIFF LACLAIR to exit the structure and property of the Broward County Transit Downtown Bus Terminal and occurred without cause or justification.

59) The arrest of PLAINTIFF LACLAIR occurred in the absence of probable cause that PLAINTIFF LACLAIR committed any criminal offense and would likely deter a person of ordinary firmness from the exercise of First Amendment rights.

60) The use of the severe, violent, unnecessary and excessive force upon PLAINTIFF LACLAIR occurred without cause nor justification and would likely deter a person of ordinary firmness from the exercise of First Amendment rights.

61) The conduct of DEFENDANT RAMIREZ towards PLAINTIFF LACLAIR constitutes unlawful retaliation in violation of PLAINTIFF LACLAIR's clearly established rights under the First and Fourteenth Amendments and 42 U.S.C. § 1983.

62) As a direct and proximate result of the acts described above, PLAINTIFF LACLAIR suffered great humiliation, endured suffering and aggravation of his physical and mental condition, mental suffering, and damaged reputation, including business reputation/goodwill.

63) As a further direct and proximate result of the conduct of DEFENDANT RAMIREZ, PLAINTIFF LACLAIR suffered loss of his liberty and freedom, mental anguish, and loss of capacity for the enjoyment of life. PLAINTIFF LACLAIR's losses are either permanent or continuing and PLAINTIFF LACLAIR will suffer the losses in the future, in violation of PLAINTIFF LACLAIR's civil rights.

WHEREFORE, PLAINTIFF LACLAIR prays:

a) Judgment for compensatory damages in excess of $ 75,000 dollars against DEFENDANT RAMIREZ;

b) Judgment for exemplary damages against DEFENDANT RAMIREZ;

c) Cost of suit;

d) Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

e) Trial by jury as to all issues so triable; and

f) Such other relief as this Honorable Court may deem just and appropriate.

GARY KOLLIN, P.A.
COUNSEL FOR PLAINTIFF
1856 N. Nob Hill Road, Suite 140
Ft. Lauderdale, FL 33322
Telephone: (954) 723-9999
Fax: (954) 791-6565
garykollin@garykollinlaw.com
pleadings@garykollinlaw.com

By: /s/ Gary Kollin
Florida Bar No. 282431